# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HECTOR VALDEZ,<br><br>　　　　Defendant. | Case No. 14-20096-08-JAR |

## ORDER DISMISSING MOTION TO COMPEL

Defendant Hector Valdez pleaded guilty to one count of conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) and was sentenced to a term of 235 months' imprisonment.[1] The Tenth Circuit Court of Appeals affirmed his conviction and sentence on February 21, 2018,[2] and no post-conviction proceedings have been commenced or are pending. This matter is now before the Court on Defendant's *pro se* Motion to Compel his former attorney to surrender the case file in his criminal proceedings (Doc. 578). Defendant indicates he intends to file a motion for relief pursuant to 28 U.S.C. § 2255 and needs the case file to prepare. The Tenth Circuit has recently held, however, that a district court lacks jurisdiction under 18 U.S.C. § 3231 to compel post-conviction production in the absence of a pending § 2255 motion.[3] As those cases explain, as movant, a defendant bears the burden to establish the district court's jurisdiction over his motion

---

[1] Docs. 294, 436.

[2] *United States v. Valdez*, 723 F. App'x 624, 629 (10th Cir. 2018).

[3] *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220–21 (10th Cir. 2018); *United States v. Benitez*, 720 F. App'x 509, 510 (10th Cir. 2018); *United States v. Woods*, No. 15-3304, 2016 WL 3457754, at *2–3 (10th Cir. June 21, 2016).

to compel.[4]  Because Defendant has not proffered any authority or support for this Court's jurisdiction over this matter, his motion to compel must be **dismissed.**

**IT IS SO ORDERED.**

Dated: January 31, 2019

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Id.*