# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

 Plaintiff,

v.

HECTOR JAVIER VALDEZ,

 Defendant.

Case No. 14-20096-08-JAR

## ORDER

  Defendant Hector Valdez pleaded guilty to one count of conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) and was sentenced to a term of 235 months' imprisonment.[1] This matter is now before the Court on Defendant's *pro se* Emergency Motion to Stay the Deadline to File Motion Under 28 U.S.C. § 2255 (Doc. 590), filed March 14, 2019. Defendant contends that he was unaware of the one-year statute of limitation to file a § 2255 motion and that he lacks the proper materials to prepare his motion. Defendant asks the Court to stay his deadline to file a § 2255 motion, which he calculates is March 15, 2019, based on the date the mandate issued from the Tenth Circuit.[2] Defendant does not seek a specific time period for an extension. Because Defendant is mistaken in his calculation of the one-year limitation period, the Court will deny his request to stay his deadline.

  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Defendant has one year from the time his conviction became final in which to file a motion to

---

[1]Docs. 294, 436.

[2]Doc. 532.

vacate, set aside, or correct his sentence.[3] The Tenth Circuit Court of Appeals affirmed Defendant's conviction and sentence in an order and judgment filed on **February 21, 2018**.[4] The time period for filing a petition for writ of certiorari is ninety days after the entry of judgment.[5] Because Defendant did not file a petition, his conviction became final on **May 22, 2018**, and his one-year limitation period commenced on that date.[6] Thus, the Court denies as premature Defendant's motion to stay deadline to file his § 2255 motion because the one-year limitation period will not expire for approximately two months.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Emergency Motion to Stay Deadline to file his § 2255 motion (Doc. 590) is DENIED.

**IT IS SO ORDERED.**

Dated: March 15, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 2255(f)(1).

[4] *United States v. Valdez*, 723 F. App'x 624, 629 (10th Cir. 2018).

[5] Sup. Ct. R. 13.1 and 13.3.

[6] *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("For purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").