**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**HECTOR JAVIER VALDEZ,**

    **Defendant.**

Case No. 14-20096-08-JAR

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Hector Javier Valdez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 679). For the reasons provided below, Valdez's motion is denied.

**I.  Background**

On April 20, 2016, Valdez pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846.[1] On December 22, 2016, this Court sentenced Valdez to 235 months' imprisonment, followed by five years of supervised release.[2]

The Tenth Circuit Court of Appeals affirmed Valdez's conviction and sentence.[3] On June 1, 2018, Valdez filed a motion to reduce his sentence under 18 U.S.C. § 3582(c) and

---

[1] Doc. 294.

[2] Doc. 436.

[3] *United States v. Valdez*, 723 F. App'x 624 (10th Cir. 2018).

Amendment 782 to the United States Sentencing Guidelines,[4] which this Court denied.[5] Valdez subsequently filed a motion to vacate under 28 U.S.C. § 2255.[6] That motion remains pending.

Valdez is currently incarcerated at FCI Big Spring in Texas. As of January 5, 2021, the Bureau of Prisons ("BOP") reports that 795 inmates have tested positive for COVID-19 out of 950 inmates tested at this facility.[7] The BOP further reports that FCI Big Spring has eight active inmate cases, seven staff cases, and three inmate deaths attributed to COVID-19.[8] Valdez is forty-one years old, and his projected release date is September 21, 2031.

On November 20, 2020, Valdez filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his medical conditions of pneumonia and obesity as the basis of his motion.[9] Valdez requests that his time be reduced to time served. With his motion, Valdez proposes a release plan, stating that he will reside with family members in California and work as a handyman.[10]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an

---

[4] Doc. 533.

[5] Doc. 534.

[6] Doc. 616.

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 5, 2021).

[8] *Id.*

[9] Doc. 679.

[10] Doc. 679-1.

appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has notified the Court that it does not intend to enter an appearance in Valdez's case. Accordingly, Valdez proceeds *pro se*.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[11] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[12] But a defendant may bring a motion for compassionate release from custody only if the defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[14]

---

[11] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[12] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional); *cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[15] In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[16]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary and compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs

---

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

to serve as a caregiver for a minor child, spouse, or registered partner.[17]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[18]

### III. Discussion

#### A. Exhaustion

Valdez asserts that he has satisfied the exhaustion requirement because he submitted a compassionate release request to the warden of his facility on October 7, 2020,[19] and more than thirty days have passed since Valdez filed his request.  The government contends that Valdez has not exhausted his administrative remedies because the grounds identified in his request to the warden do not mirror the grounds on which he now seeks compassionate release.  The government asserts that Valdez must seek compassionate release from the warden based on COVID-19 and more explicitly describe his medical risk factors to satisfy § 3582(c)'s exhaustion requirement, raising what is often referred to as "issue exhaustion."[20]  But this Court has repeatedly rejected the issue exhaustion challenge to motions for compassionate release.[21]  The Court finds that Valdez's compassionate release request to the warden of his facility satisfies the exhaustion requirement, and the Court has jurisdiction to decide Valdez's motion based on all

---

[17] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[18] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[19] Doc. 679-3 at 1.  Valdez also submitted a request for his medical records on October 23, 2020.  *Id.* at 2.

[20] *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).  The underlying concept is also referred to as "administrative waiver" or "issue waiver," and is based on the notion that an issue not raised in such an administrative proceeding has been "waived."  *See generally Advocates for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1148 (D.C. Cir. 2005).

[21] *See United States v. Parada*, No. 5:03-40053-JAR-1, 2020 WL 4589781, at *4–5 (D. Kan. Aug. 10, 2020) (finding that "a judicially created issue-exhaustion requirement is inappropriate" in the compassionate release context because the administrative process for compassionate release is inquisitive rather than adversarial (quoting *Sims*, 530 U.S. at 111)).

grounds presented therein.

### B.     Extraordinary and Compelling Reasons

Having determined that Valdez has properly exhausted his administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing his sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[22]  The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances that may justify extraordinary relief.[23]

Valdez argues that his medical conditions of obesity and pneumonia constitute an extraordinary and compelling reason to grant compassionate release.  The Centers for Disease Control and Prevention has identified obesity as an underlying medical condition that poses a serious risk of severe illness from the virus that causes COVID-19.[24]  However, the government states that Valdez's medical records, which are not before the Court, do not confirm that he suffers from obesity.  Nor do his medical records confirm that he suffers from pneumonia.  Accordingly, the government argues that Valdez has not established extraordinary and compelling reasons for a sentence reduction.  Even if confirmed, the government asserts that Valdez's alleged medical conditions do not present a situation so severe that release is warranted

---

[22] 28 U.S.C. § 994(t).

[23] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[24] *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated Dec. 29, 2020); Centers for Disease Control and Prevention, *Overweight & Obesity: Obesity Worsens Outcomes from COVID-19*, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last updated Dec. 16, 2020) (stating that people "with excess weight are at even greater risk during the COVID-19 pandemic" because obesity may triple the risk of hospitalization due to a COVID-19 infection, is linked to impaired immune function, and decreases lung capacity).

when balanced with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  Accordingly, the Court will consider the § 3553(a) factors.

### C. Section 3553(a) Factors

Even if Valdez can demonstrate extraordinary and compelling reasons for a sentence reduction based on a confirmed medical condition, the Court may not grant a motion for compassionate release unless the sentencing factors in § 3553(a) support a sentence reduction. Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[25]

Here, application of the § 3553(a) factors militates against reducing Valdez's sentence to time served.  While this was his first criminal conviction, Valdez participated in a significant conspiracy to distribute and possess with the intent to distribute methamphetamine as a courier—

---

[25] 18 U.S.C. § 3553(a).

he transported methamphetamine and drug proceeds between Kansas and Arizona.[26]  The Presentence Investigation Report ("PSIR") states that he made at least one trip per month for a period of nine months, transporting approximately ten pounds of methamphetamine each trip.[27]  The PSIR notes that this ninety-pound estimate is conservative, as there is evidence that many months involved two trips rather than one.[28]  Further, Valdez introduced another drug courier into the conspiracy, and that individual transported at least thirty pounds of methamphetamine.[29]  If those thirty pounds are taken into account, Valdez is culpable for 120 pounds, or 54.3 kilograms, of actual methamphetamine.[30]

The Court finds that Valdez received a sufficient but judicious sentence of 235 months' imprisonment, the bottom of the applicable Guidelines range of 235 to 293 months.  Valdez has served less than half of his sentence and has more than ten years left to serve.  Reducing Valdez's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The Court finds that the sentence originally imposed remains sufficient, but not greater than necessary to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, Valdez's motion for compassionate release is denied.

**IT IS THEREFORE ORDERED** that Defendant Hector Javier Valdez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 679) is **DENIED.**

**IT IS SO ORDERED.**

---

[26] Doc. 387 ¶¶ 18–22.

[27] *Id.* ¶ 37.

[28] *Id.*

[29] *Id.*

[30] *Id.*

Dated: January 7, 2021

          S/ Julie A. Robinson  
          JULIE A. ROBINSON  
          CHIEF UNITED STATES DISTRICT JUDGE